UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14-CV-P495-H

CHARLES BAKER                                                                                         PLAINTIFF

v.

ABBIGALE DILLINGHAM                                                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Charles Baker, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, who is incarcerated at the Roederer Correctional Complex, sues Abbigale Dillingham, a parole officer at the Probation and Parole Office in Lexington, Kentucky, in her individual and official capacities.  He states that on December 18, 2013, Defendant "violated the Plaintiff's conditional discharge for allegdely being around minors – unsupervised."  He states that on May 5, 2013, he served 100% of his three-year sentence for third-degree rape.  He was placed on a five-year conditional discharge.  Plaintiff states that the allegations against him were false because his mother was present the whole time and the minors in question were his seventeen-year-old brother and fourteen-year-old sister.  He alleges that keeping him from his family members is a violation of the First, Fifth, Eighth, and Fourteenth Amendments.  He also asserts that he was discriminated against because he was charged as a sex offender.  As relief, he asks for monetary and punitive damages and release from imprisonment.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*A. Official-capacity claims*

The Court will dismiss the claim against Defendant in her official capacity on two bases. First, Defendant, as a state official sued in her official capacity for damages, is absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendant sued in her official capacity for damages is not a "person" subject to suit within the meaning of § 1983. *Will*, 491 U.S. at 71

(concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, the § 1983 official-capacity claim for damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant immune from such relief.

*B. Individual-capacity claims*

The doctrine of absolute immunity protects judges from civil liability when performing judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 363-64 (1978). This immunity has been extended to parole officers sued in their individual capacity when their duties are judicial in nature. *Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007). When probation officers are investigating whether a parolee is complying with the terms of his or her probation, they are performing a quasi-judicial function and, for that reason, are cloaked in immunity. *Id.* (citing *Balas v. Leishman-Donaldson*, 976 F.2d 733 (6th Cir. 1992)). "When a probation officer evaluates an individual to determine whether he has violated the conditions of his probation, the officer is entitled to absolute judicial immunity from suit under Section 1983." *Warick v. Ky. Justice & Pub. Safety Cabinet*, No. 08-146-ART, 2008 WL 4443056, at *5 (E.D. Ky. Sept. 26, 2008) (citing *Timson v. Wright*, 532 F.2d 552, 553 (6th Cir. 1976) (per curiam)). Consequently, the § 1983 claim against Defendant in her individual capacity must be dismissed.

*C. Request for release*

When the legality of a confinement is challenged so that the remedy would be a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and Plaintiff must comply with the requirement that state-court remedies are exhausted. *Preiser*

*v. Rodriguez*, 411 U.S. 475, 499 (1973).  Therefore, Plaintiff's request for release from imprisonment is not cognizable in this § 1983 action.  In the event that Plaintiff wishes to file a petition for writ of habeas corpus, the Clerk of Court is **DIRECTED** to send a 28 U.S.C. § 2254 packet to Plaintiff.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date:


cc:     Plaintiff, *pro se*
        Defendant
4412.009